CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

OCT 1 0 2017

JULIA C. DUDLEY, CLERK
BY: /s/
  DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| PEGGY BEASLEY, | ) |
| Plaintiff, | ) Case No. 7:17-CV-00311 |
| v. | ) |
| MICHAEL BARBER, et al., | ) By: Michael F. Urbanski |
| | ) Chief United States District Judge |
| Defendants. | ) |

## MEMORANDUM OPINION

This matter comes before the court on plaintiff's First Motion to Remand to State Court, ECF No. 7, in which plaintiff requests that the court remand her case to state court for lack of subject matter jurisdiction.

### I.

Plaintiff instituted this action in the Circuit Court for the County of Montgomery. Plaintiff's original complaint (the "Complaint") levied six counts against defendants, two of which bear mentioning here: (1) Count II, which alleges violations of the Equal Protection and Due Process Clauses of the Fourteenth Amendment of the U.S. Constitution; and (2) Count III, which alleges a violation of the Takings Clause of the Fifth Amendment of the United States Constitution.[1] The other counts pled various Virginia common-law or statutory claims.

---

[1] Both Counts II and Counts III also alleged violations of the analogous provisions of the Constitution of the Commonwealth of Virginia.

Defendants removed the case, alleging that this court had original jurisdiction over plaintiff's state complaint based on 28 U.S.C. § 1331. Almost a month after defendant removed the case, Plaintiff moved to amend her Complaint. In her motion, plaintiff represented that "counsel for . . . defendants has communicated his consent . . . to plaintiff's amending the complaint." ECF No. 3, at 2. The court granted the motion, and plaintiff amended her complaint (the "Amended Complaint"). The Amended Complaint dismisses all federal claims and adds a claim under Virginia Code § 15.2-1429.

## II.

The parties do not dispute that the case was properly removed.[2] Because the case was properly removed and the court has original jurisdiction over the federal claims in the Complaint, the court may exercise "supplemental jurisdiction over all other claims that are so related . . . that they form part of the same case or controversy." 28 U.S.C. § 1367(a); see also United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 725 (1966) (claims are part of the same case or controversy if they "derive from a common nucleus of operative fact").

Plaintiff asks the court to remand her case back to state court because her Amended Complaint no longer contains federal claims. While a court may remand a case after all federal claims are extinguished, "subject matter jurisdiction is not divested from the district court when the federal claims are dismissed from the complaint." Harless v. CSX Hotels, Inc., 389 F.3d 444, 448 (4th Cir. 2004). A court, in its discretion, "may decline to exercise

---

[2] "[R]emoval jurisdiction is normally determined on the basis of facts at the time of the removal, regardless of what happens thereafter." Jamison v. Wiley, 14 F.3d 222, 235 n.14 (4th Cir. 1994). Plaintiff's Complaint raised two federal claims, both of which are cognizable federal claims under 42 U.S.C. § 1983. See Washlefske v. Winston, 234 F.3d 179, 182 (4th Cir. 2000) (Takings Clause); Blue v. Craig, 505 F.2d 830, 844–45 (4th Cir. 1974) (Fourteenth Amendment).

supplemental jurisdiction" it could otherwise exercise if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3).

The court should consider "the values of judicial economy, convenience, fairness, and comity" in determining if it should remand a case. Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 (1988). The remand calculus becomes more complicated when it appears that a plaintiff has amended her complaint "to avoid federal court" without having other "substantive reasons for amending the pleadings." Harless, 389 F.3d at 448; see also Cohill, 484 U.S. at 357 ("If the plaintiff has attempted to manipulate the forum, the court should take this behavior into account in determining whether the balance of factors . . . support a remand in the case."). Nonetheless, the Supreme Court has instructed that attempted forum shopping "hardly justifies a categorical prohibition on the remand of cases . . . regardless of whether the plaintiff has attempted to manipulate the forum and regardless of the other circumstances in the case." Cohill, 484 U.S. at 357.

### III.

As plaintiff dismissed all of her federal claims in the Amended Complaint, the case no longer involves a federal question. The remaining causes of action are rooted purely in state and local law. Defendants do not dispute that the Circuit Court for the County of Montgomery, the Virginia state court from which the case was removed, is better equipped to adjudicate these claims. Nor is it clear that defendants could reasonably make that argument, as the Supreme Court has instructed federal courts that state courts are usually the proper forum for adjudicating state claims. See Gibbs, 383 U.S. at 726 ("Needless decisions

3

of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of the applicable law.").

Defendants rely heavily on K.I.D. v. Jones, Civ. No. 3:14-cv-177-JAG (E.D. Va. April 8, 2014), aff'd sub nom., K.I.D. v. Wilkins, 599 F. App'x 118, 118 (4th Cir. 2015) (mem.). K.I.D., however, actually supports remand in this case. Of particular import, while defendants are correct that the Fourth Circuit agreed that "remand would not have served the interest of judicial economy," defendants ignore that the Fourth Circuit based its conclusion heavily on the "significant action [that] had taken place in federal court prior to filing of the [remand] motion." K.I.D., 599 F. App'x at 118 n.*. Unlike in K.I.D., plaintiff's case is still nascent. The court has taken no action in the case save for granting plaintiff's motion to amend. And while defendants claim that their motion to dismiss "has been fully briefed," Defs.' Br. Opp'n Pl.'s Mot. Remand, ECF No. 10, at 3, plaintiff has yet to file an opposition, and the court has yet to rule on that motion.

While the court is concerned that plaintiff's amendment amounts to forum shopping, that concern is but one factor the court must consider under Cohill when deciding whether to remand the case. See Cohill, 484 U.S. at 357; Green v. Balt. City Police Dep't, 2011 WL 335868, at *2 (D. Md. Jan. 31, 2011). Indeed, the Supreme Court has counseled that if "federal claims are dismissed before trial, . . . the state claims should be dismissed as well." Gibbs, 383 U.S. at 726. The court has balanced the Cohill factors, and finds that the "the values of judicial economy, convenience, fairness, and comity" weigh heavily in favor of remanding this case.

4

Accordingly, the First Motion to Remand to State Court, ECF No. 7, will be **GRANTED**.

Entered: 10/10/2017

/s/ Michael F. Urbanski
Michael F. Urbanski
Chief United States District Judge